**Julio Guillermo GORBITZ ESPINOZA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–76881.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 31, 2008.

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Tukwila, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Peter Angus Winn, Esq., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Julio Guillermo Gorbitz Espinoza, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his applications for asylum, withholding of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Cruz–Navarro v. INS,* 232 F.3d 1024, 1028 (9th Cir.2000), and deny the petition for review.

The record does not compel the conclusion that the extraordinary circumstances exception excused the untimely filing of Gorbitz Espinoza's asylum application. *See Ramadan v. Gonzales,* 479 F.3d 646, 648, 657–58 (9th Cir.2007) (per curiam); 8 C.F.R. § 1208.4(a)(5).

Substantial evidence supports the BIA's denial of withholding of removal because Gorbitz Espinoza failed to establish that the Shining Path persecuted him on account of an imputed political opinion. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1094–95 (9th Cir.2002) (no imputed political opinion where petitioner offered no evidence that his father had a political opinion that could be imputed to petitioner); *see also Cruz–Navarro,* 232 F.3d at 1030 (no imputed political opinion where there was no evidence to show that guerillas imputed a political opinion to petitioner). Moreover, the record does not support Gorbitz Espinoza's contention that he was persecuted on account of an actual political opinion. *See Cruz–Navarro,* 232 F.3d at 1030. Lastly, Gorbitz Espinoza's withholding of removal also claim fails because neither his testimony nor the documentary evidence compel a finding of a clear probability of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003).

Substantial evidence also supports the BIA's denial of CAT relief because Gorbitz Espinoza has not established that it is more likely than not that he will be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). The record does not support Gorbitz Espinoza's contention that he was tortured previously.

**PETITION FOR REVIEW DENIED.**